(1 App. Div. 434.)

PEOPLE ex rel. SIMERMEYER v. ROOSEVELT et al., Commissioners.

(Supreme Court, Appellate Division, First Department. February 7, 1896.)

MUNICIPAL CORPORATIONS—DISCHARGE OF POLICEMAN—EVIDENCE.

　　A charge against a police officer for neglect of duty in failing to make an arrest for violation of excise law is sustained by evidence that his captain sent him to a saloon where it was said the law was being violated, and told him that, if he saw anybody go into the place, to go in with him, and that, after the policeman had been sent to the place, several persons went in, and bought liquor, in violation of law, though the policeman testified that he did not see anybody go into the place.

Certiorari by Jacob Simermeyer to review the action of Theodore Roosevelt and others, police commissioners of the city of New York, in dismissing relator from the police force. Dismissed.

Argued before VAN BRUNT, P. J., and PATTERSON, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Robert J. Robeson, for appellant.
Theodore Connoly, for respondents.

INGRAHAM, J. The charge against the officer was neglect of duty, the specification being that the officer neglected and failed to make an arrest for violation of the excise law. The captain of the precinct testified that on the morning of Sunday, July 28, 1895, he saw a woman going into a saloon at 247 West Sixtieth street, through the back door, with a can. "I started to cross the lot, and I met a man on the outside watching. As soon as I got there, I was informed that everything was tight; I could not get in." Subsequently the people that the captain had seen go in with the can came out. That afternoon the captain sent the relator in uniform to this place. He (the captain) said: "This man 'round here is doing business in that place. I have not only seen it, but I have reports from people that they are doing business there. I want you to stand there, and prevent anybody going in." An hour afterwards the captain went down to the place, and found the officer, instead of being where he was directed to stand, down on the corner. The officer said to the captain: "They have not done anything all day." From where the officer stood when on duty in the building, he could see whether a person that went into the house went upstairs or whether he went into the rear of the saloon. The captain's orders to the officer were, if a person was going into the saloon, to "stick to him, and go in with him." Dennett, the complainant, testified that, on this Sunday afternoon, he went to this place, and stood in the doorway of the saloon a minute, and then he went in the back way; he was preceded into the place by a man with a tin pail, and was followed immediately afterwards by two others; that this officer stood at the hallway leading to the back door of the saloon; that he passed right by the officer, and had a talk with him on his way in. The officer did not follow him. Dennett, while he stood talking to the officer, saw a woman, called his attention to her, and said, "Probably she is going in after some beer." Dennett then went into the saloon, and bought some whisky.

The officer swore he did not see Dennett, and saw no violation of the excise law while he was there; that, if any one went into the saloon while he was there, he followed him in.

The officer was stationed at this saloon to prevent a violation of the excise law. If he had followed each person into the saloon, he could have made an arrest if there had been a violation of law. In disobeying his instructions, he failed to be present when the law was violated, and thus arrest the offender. It will not do for him to say that, if he had obeyed the instructions of the captain, the proprietor of the saloon would not have violated the law. The commissioners were justified in finding that the law was violated, and that, in consequence of the relator's neglecting to obey the instructions of his captain, he was not present at the time the offense was committed, and thus failed to make the arrest for its violation.

It follows, therefore, that, if the commissioners believed Dennett and the police captain, they were justified in finding that the officer was guilty of neglect of duty, and the proceeding must be dismissed, without costs. All concur.